UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENNY LEE ROCHELLE,

       Petitioner,

                                                   Case No. 1:12-CV-948

v.

                                                   Hon. Robert J. Jonker

MARY BERGHUIS,

       Respondent.

_____/

**OPINION**

       Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

**I.       Background**

       Following a jury trial in the Kent County Circuit Court, petitioner was convicted of second degree murder, M.C.L. § 750.317. *People v. Rochelle*, No. 283455, 2009 WL 4438323 (Mich. App. Dec. 3, 2009). Petitioner was sentenced to 25 to 65 years imprisonment. *Id.*

       The Michigan Court of Appeals summarized the facts as follows:

> [Petitioner] and the victim were placed in a jail cell together in the Kent County Jail. [Petitioner] accused the victim of stealing a snack cake from him, and the victim denied it. According to witnesses, [petitioner] became angry and pulled at either the victim or his top-bunk mattress, and the victim fell to the floor. [Petitioner] also punched the victim twice, once in the jaw and once in the head. After one of the punches, the victim fell back and hit his head. [Petitioner] also struck the victim with a portable bunk. The victim did not hit [petitioner] or fight back at all.
>
> The victim complained of a headache to jail employees and was examined by medical personnel. Two weeks later, he died of trauma to his brain.

*Id.* at *1.

Petitioner, through counsel, raised five issues in his direct appeal to the Michigan Court of Appeals:

I. The trial court abused its discretion when it refused to allow [petitioner] to enter a guilty plea agreement to the offense of voluntary manslaughter.

II. The evidence was legally insufficient to prove beyond a reasonable doubt that [petitioner] committed the crime of second degree murder, US Const. Am VI, XIV; Mich Const. 1963, art. I, §§ 17, 20.

III. [Petitioner] was denied a fair trial when the prosecution in rebuttal argument: (i) used a trial transcript it obtained without any notice to the [petitioner] to the detriment of the [petitioner], (ii) argued that the [petitioner] was lieing [sic] and (iii) told the jury it would take days to obtain any other transcript, US Const. Am VI, XIV; Mich Const. 1963, Art. I. §§17, 20.

IV. [Petitioner] was denied due process and is entitled to a new trial where the trial court mis-instructed the jury, US Const., Ams V, VI, XIV; Mich. Const. 1963, Art 1, §§ 17, 20.

V. [Petitioner] is entitled to a re-sentencing where points were erroneously scored under OV 5, resulting in a 225-375 or life range, rather than a 180-300 or life range. Athough [sic] the imposed sentence falls just within the corrected range, the range has been altered and re-sentencing is required, *People v. Francisco*, on the basis of accurate information, US Const, Ams V, VI, XIV; Const 1963, Art 1, §§ 17, 20.

Defendant-Appellant's Brief (docket no. 40).

The Michigan Court of Appeals affirmed the conviction. *Rochelle*, 2009 WL 4438323. Petitioner raised the same five issues in his application for leave to appeal to the Michigan Supreme Court. *See* Application for leave (docket no. 41); *People v. Rochelle*, 781 N.W.2d 816 (Mich. May 25, 2010). The Michigan Supreme Court denied his application for leave to appeal on May 25, 2010. *Id*.

On July 7, 2011, petitioner filed a motion for relief from judgment pursuant to MCR 6.500 *et seq*. in the Kent County Circuit Court raising four claims:

> I. The district court committed an abuse of discretion in binding Mr. Rochelle under the charge of second degree murder where the Court stated that there was no intent to kill and where there was an intervening cause, there was insufficient probable cause to believe that Mr. Rochelle committed the charged offense. The Court further abuse [*sic*] it's [*sic*] discretion by refusing to appoint substitution of counsel upon request due to client's conflict of interest.
>
> II. Trial counsel rendered ineffective assistance by failing to investigate the mitigating circumstances and the charges the [*sic*] Mr. Rochelle should have been properly charged with. Counsel never properly advised Mr. Rochelle of the plea agreement to make it voluntary and intelligently made [*sic*] and as a result, the Court refused to accept the plea.
>
> III. Mr. Rochelle claims actual innocence where the evidence and totality of the circumstances never constituted the elements for the conviction of second degree murder.
>
> IV. There was an abuse of the prosecutor's discretion to charge a defendant under the false pretenses statutes. It constitutes an error for a prosecuting attorney to charge a defendant with violation of a felony where the facts of the crime would also constitute a misdemeanor or lesser offense, thus the prosecutor also violated MRE 404(b).

Motion for relief from judgment. (docket no. 38, pp. 2-3). The circuit court denied the motion stating, "there is absolutely no merit to any of the claims upon which the Defendant bases his request for relief." Order denying motion for relief from judgment. (docket no. 39, pp. 1). Petitioner raised similar claims in the Michigan Court of Appeals:

> I. Whether the district court committed abuse of discretion in binding over Mr. Rochelle for trial under the charge of 2nd degree murder where the court stated there was no intent to kill. Where there was an intervening cause and insufficient probable cause to convict Mr. Rochelle of the charged offense.

> II. Whether trial counsel render [*sic*] ineffective assistance for failing to properly advice [*sic*] Mr. Rochelle of the plea agreement in order for the plea to be made voluntary and intelligently.
>
> III. Whether Mr. Rochelle presented an actual innocence claim where the evidence and totality of the circumstance [*sic*] never constituted the elements for the conviction of the charged offense.
>
> IV. Whether there was an abuse of the prosecutor's discretion in charging Mr. Rochelle under the false pretense statutes, where the facts of the crime would also constitute a misdemeanor or other lesser offense and where the prosecutor also violated MRE 404(b).
>
> V. Whether the trial court abused it's [*sic*] discretion for [*sic*] not granting the motion for relief of judgment MCR 6.502 or the requested Ginther hearing pursuant to ineffective assistance of counsel.

Order. (docket no. 42, pp. 6). The Michigan Court of Appeals denied the application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *Id*. at pp. 1. Petitioner raised the same five issues in the Michigan Supreme Court which denied relief "because the defendant [failed] to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Order. (docket no. 43, pp.1).

In his initial petition for writ of habeas corpus, petitioner raised the same five issues and added the admittedly unexhausted issue of ineffective assistance of counsel. *See* Petition (docket no. 1, PageID.1). At the time of the initial filing, petitioner filed a motion to stay the petition and hold in abeyance because "petitioner [had] a new issue that needs to properly exhaust in state court before bringing it to [the appellate court] for review, specifically, [petitioner] seeks to argue that his trial attorney was ineffective [...]"Motion (docket no. 2, PageID.7). This Court ordered petitioner to file an amended petition on the proper form. *See* Order (docket no. 3, PageID.12)

Petitioner subsequently filed an amended petition that narrowed the issues to the following:

    I.    Petitioner was denied of [*sic*] his right to due process, under the U.S. Constitution, where he was convicted of second degree murder on the basis of insufficient evidence.

    II.    Petitioner was deprived of his due process right to be sentenced on the basis of accurate information, under the U.S. Constitution, where he was erroneously scored points for OV 5.

    III.    Petitioner was deprived of his right to due process, under the U.S. constitution, where the trial court improperly instructed the jury regarding "proximate cause."

Amend. Petition (docket no. 4, PageID.14). Following the amended petition, petitioner filed an additional motion to stay and hold in abeyance the issue of ineffective assistance of counsel. *See* Motion to Stay and Hold in Abeyance (docket no. 9, PageID.43). This Court denied the motion. *See* Order denying motion to stay (docket 11, PageID.55).

## II.    Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). In the present case, petitioner has exhausted his state remedies with respect to his habeas claims.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 101-102 (2011). The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 776, 773 (2010) (internal quotation marks and citations omitted). This deferential standard "requires petitioner to show 'the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing [Supreme Court precedent] beyond any possibility for fairminded disagreement.'" *Blackmon v. Booker*, 696 F.3d 536, 538 (6th Cir. 2012), quoting *Harrington*, 562 U.S. at 103. Thus, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (internal quotation marks omitted).

Under the "contrary to" clause of § 2254(d)(1), "a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause of § 2254(d)(1), "a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id*. A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

The determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

**III.   Discussion**

**A.   Insufficient Evidence to Support Petitioner's Conviction (Issue I)**

Petitioner argues that there was insufficient evidence to sustain a second degree murder conviction. Amend. Petition (docket no. 4, PageID.19-22). Despite the prohibition against federal habeas corpus review of state law issues, the Due Process Clause "forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." *Fiore v. White*, 531 U.S. 225, 229 (2001). This question is recognized under 28 U.S.C. § 2254 and analyzed using the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that the Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Sufficient evidence supports a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis added). In evaluating a sufficiency of the evidence claim, the court views both direct evidence and circumstantial evidence in the light most favorable to the prosecution, drawing all available inferences and resolving all issues of credibility in favor of the fact finder's verdict. *United States v. Rayburn*, 495 F.3d 328, 337-38 (6th Cir. 2007). The reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992). *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Finally,

because both the *Jackson* standard and AEDPA apply to petitioner's claims, "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008).

The trial judge addressed petitioner's motion for directed verdict on this matter as follows:

> The standard jury instruction, 16.15, provides that there may be more than one cause of death. It is not enough that the defendant's act made it possible for the death to occur. In order to find the death of Jose Estrada was caused by the defendant, the jury must find beyond a reasonable doubt that the death was a natural and necessary result of the defendant's act.
>
> In this case, there has been much discussion and evidence about the medical treatment received by the defendant – or by the decedent, between October 29, 2006, and November 12, 2006.
>
> Standard jury instruction 16.16 provides, in pertinent part, with certain modifications that I expect I will be providing to the jury, as follows: That there has been some evidence related to the medical treatment that was provided to Mr. Estrada. If the defendant unlawfully injured Jose Estrada and started a series of events that naturally or necessarily resulted in Jose Estrada's death, it is no defense that the immediate cause of death was medical treatment.
>
> It is a defense, however, if the medical treatment was grossly erroneous or grossly unskillful and the injury might have caused death if Jose Estrada had not received such treatment, and then I suspect that there will be certain definitions for purposes of this motion. The pertinent one is as to gross negligence.
>
> Gross negligence means more than carelessness. It means willfully disregarding the results to others that might follow from an act or failure to act.
>
> Gross negligence also means wantonness and a disregard of the consequences which may ensue, and indifference to the rights of others that is equivalent to criminal intent.

9

> The burden is on the prosecution to demonstrate beyond a reasonable doubt that the actions or inactions of individuals or organizations following the October 29, 2006, alleged assault were not grossly negligent.
>
> Taking the evidence in the light most favorable to the nonmoving party in this case, the Court is satisfied that the People – that the jury could conclude that the medical treatment was not grossly negligent that was provided by the Kent County Correctional Facility between October 29th and November 12th, 2006.
>
> ***
>
> And for those reasons, the Court respectfully denies the motion made by the people – or by the defense for finding not guilty and/or, alternatively, a dismissal of the count.

Trial Trans. (docket no. 34, pp. 7-13).

The Michigan Court of Appeals found that petitioner's conviction was supported by sufficient evidence:

> Defendant next argues that there was insufficient evidence to support the conviction because the gross negligence of the jail personnel proximately caused the victim's death. When reviewing a challenge to the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a reasonable trier of fact could have found that all of the elements of the crime were proven beyond a reasonable doubt. *People v. Wolfe*, 440 Mich. 508, 515-516, 489 N.W.2d 748 (1992), amended 441 Mich. 1201, 489 N.W.2d 748 (1992). "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v. Lee*, 243 Mich.App. 163, 167-168, 622 N.W.2d 71 (2000).
>
> To prove causation in a criminal case, the defendant's conduct must be both the factual cause and the proximate cause of the result. *People v. Schaefer*, 473 Mich. 418, 435, 703 N.W.2d 774 (2005) overruled in part on other grounds in *People v. Derror*, 485 Mich. 316, 715 N.W.2d 822 (2006). Factual cause is established if the result would not have occurred "but for" the defendant's conduct. *Schaefer, supra* at 435-436, 703 N.W.2d 774. Proximate cause is established if the victim's injury is a "direct and natural result" of the defendant's conduct. *Id*. at 436, 703 N.W.2d 774. However, if there was an intervening cause that superseded the defendant's conduct, then the causal link between the defendant's conduct and the victim's injury is broken, and the defendant's conduct is not deemed to be the proximate cause. *Id*. at 436-437, 703 N.W.2d 774.
>
> An intervening cause supersedes a defendant's conduct as the proximate cause if it was not reasonably foreseeable. *Id*. at 437-438, 703 N.W.2d 774.

> While an act of God or the gross negligence or intentional misconduct by the victim or a third party will generally be considered a superseding cause, ordinary negligence by the victim or a third party will not be regarded as a superseding cause because ordinary negligence is reasonably foreseeable. [*Id*. at 438-439, 703 N.W.2d 774 (emphasis in original).]

Moreover,

> [i]n criminal law, "gross negligence" is not merely an elevated or enhanced form of ordinary negligence.... [I]n criminal jurisprudence, gross negligence means wantonness and disregard of the consequences that may ensue, and indifference to the rights of others that is equivalent to a criminal intent. [*Id* . at 438, 703 N.W.2d 774 (internal citation and quotation marks omitted.]

Defendant does not dispute that his conduct was the factual cause of the subdural hematoma that resulted in the victim's death. He only argues that the Kent County Jail's lack of appropriate medical care was grossly negligent and constituted a superseding intervening cause of the victim's death.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a jury could reasonably conclude that the medical care provided by the Kent County Jail to the victim was not the result of gross negligence, but merely negligence, and therefore was foreseeable. There was clear evidence that the physicians who treated the victim while he was incarcerated were not negligent based on the information they had at the time. A crucial question is whether the substandard communication between the nurses and deputies, on the one hand, and the treating physicians, on the other hand, was merely negligent or grossly negligent. Two key pieces of information, that the victim had fallen and hit his head and that the victim had a persistent severe headache, were not relayed to the treating physicians until after the victim passed away. This vital information should have reached the treating physicians because at least one deputy knew the victim fell and hit his head and several individuals (nurses and deputies) knew the victim was suffering from persistent, severe headaches. However, viewing the record as a whole, we cannot conclude that the breakdown in communication constituted gross negligence as a matter of law. It is reasonably foreseeable that such communication mistakes would occur in a jail setting. In addition, the evidence, viewed in the light most favorable to the prosecution, does not show that the medical personnel or the deputies were indifferent to the rights of the victim or disregarded the consequences that would ensue from their actions. On the contrary, the evidence shows that the medical personnel and the deputies tried to help the victim, but that mistakes were made. Although mistakes were made that ultimately had catastrophic consequences for the victim, we cannot conclude that the actions of the medical personnel and the deputies necessarily were done with wantonness equal to criminal intent.

The jury's conviction was supported by sufficient evidence.

*Rochelle*, 2009 WL 4438323 at \*2–3.

The thrust of petitioner's habeas claim is the medical care provided by the Kent County Jail was grossly negligent and this gross negligence was the superseding cause of Mr. Estrada's death. *See* Petitioner's Amend. Petition at PageID.20-22. As decided by the State Appellate Court, the evidence presented at trial was sufficient for a rational jury to determine, beyond a reasonable doubt, that the medical care provided did not rise to the level of gross negligence and was sufficient to convict petitioner of second degree murder under Michigan Law. Whether the care provided to the victim was negligence or gross negligence is a question of state law. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

The Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

**B.     Errors in Sentence Calculation (Issue II)**

Petitioner contends that the sentencing court mis-scored Offense Variable 5, costing petitioner the right to be sentenced on accurate information. Amend. Petition (docket no. 4, PageID.23-24). Specifically, petitioner states that the court erred when assigning fifteen points in OV 5 for serious psychological injury requiring treatment. Claims concerning the improper scoring of sentencing guidelines are state law claims and are typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74, 102 S. Ct. 703, 70 L.Ed.2d 556 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits

prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov.19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).

In resolving the claim of sentencing calculation error, the Michigan Court of Appeals stated:

> Defendant lastly argues that the trial court improperly scored offense variable (OV) 5, MCL 777.35. Even assuming that this issue had been properly preserved, we find no basis for reversal. OV 5 may be scored at 15 points if a family member of the victim suffered serious psychological injury that may require professional treatment. MCL 777.35(1)(a). The fact that treatment has not been sought is not determinative. MCL 777.35(2).
>
> In imposing sentence, a sentencing court may consider the contents of a presentence investigation report. *People v. Perez*, 255 Mich.App. 703, 712, 662 N.W.2d 446 (2003), vacated in part on other grounds 469 Mich. 415, 670 N.W.2d 655 (2003). In this case, the presentence investigation report stated the following:
>
>> Ms. Garcia (the victim's wife) indicates that it is difficult to express how she feels after the loss of her husband. Ms. Garcia indicates that she has not recovered physically, mentally, or emotionally. Ms. Garcia indicates that since her husband's death she has suffered from depression and a stroke and is having trouble providing for herself due to the victim being the primary breadwinner in the family.... Ms. Garcia would also like Your Honor to know that her husband is a loss that is irreplaceable.
>
>> As to sentencing Ms. Garcia indicates that "whatever I ask will not bring my husband back so I leave that to God and to the judge."
>
> Based on this evidence, the sentencing court did not err in finding that the victim's wife suffered serious psychological injury that may require professional treatment. "Scoring decisions for which there is any evidence in support will be upheld." *People v. Endres*, 269 Mich.App. 414, 417, 711 N.W.2d 398 (2006).

*Rochelle*, 2009 WL 4438323 at *7. Petitioner's claim that "the offense variables of sentencing guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted." *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Accordingly, petitioner is not entitled to relief on this claim.

        **C.**        **Incorrect Jury Instruction (Issue III)**

Finally, petitioner contends that the trial court improperly instructed the jury on the definition of proximate cause. Amend. Petition (docket no. 4, PageID.26-27). "Supreme Court precedent clearly establishes that '[i]n a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement.'" *Joseph v. Coyle*, 469 F.3d 441, 464 (6th Cir. 2006), (quoting *Middleton v. McNeil*, 541 U.S. 433, 437 (2004)). "[H]owever, the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). "Federal habeas courts therefore do not grant relief, as might a state appellate court, simply because the instruction may have been deficient in comparison to the [Criminal Jury Instruction] model." *Id* at 72. The question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

Here, the trial court instructed the jury on proximate cause of death as follows:

> There may be more than one cause of death. It is not enough that the defendant's act made it possible for the death to occur. In order to find that the death of [the victim] was caused by the defendant, you must find beyond a reasonable doubt that the death was either a natural or necessary result of the defendant's acts.
>
> In this case, there has been some evidence related to the medical treatment that was provided to [the victim] following October 29th, 2006. If the defendant unlawfully injured [the victim] and started a series of events that naturally or necessarily resulted in [the

victim's] death, it is no defense that the immediate cause of death was the medical treatment or the lack of medical treatment.

It is a defense, however, if the medical treatment or lack of treatment was grossly erroneous or grossly unskillful and the injury might not have caused death if [the victim] had not received such treatment or lack of treatment.

*Rochelle*, 2009 WL 4438323, at *6.

The Michigan Court of Appeals rejected petitioner's claim that the jury instruction was improper:

Defendant contends that the trial court improperly instructed the jury on proximate cause by stating: "In order to find that the death of [the victim] was caused by the defendant, you must find beyond a reasonable doubt that the death was either a natural or necessary result of the defendant's acts." He contends that the trial court should have instead stated that proximate cause requires that the death be the "direct and natural result" of the defendant's acts, as stated in *Schaefer, supra* at 436, 703 N.W.2d 774 (internal citation and quotation marks omitted). Defendant contends that the court's instructions somehow mixed the concepts of factual cause and proximate cause.

The trial court's instructions were based on CJI2d 16.15, and we find no error in the instructions. The court clearly stated that "[i]t is not enough that the defendant's act made it possible for the death to occur." The court also indicated that the death must have been a "natural or necessary result" of the defendant's acts. These instructions adequately informed the jury that it was required to find both factual and proximate cause. We cannot find a substantive difference between something being a "direct and natural result" of an act and something being a "natural or necessary result" of an act. No error requiring reversal occurred.

*Rochelle*, 2009 WL 4438323 at *7.

The jury instructions as cited above, and reviewed by the Michigan Court of Appeals, followed the appropriate Michigan Model Criminal Jury Instructions based on Michigan case law. *See* Mich. M Crim JI 16.15. The jury instruction was not deficient. On the contrary, the Michigan Court of Appeals found that the instruction was based on the applicable model instruction. The inconsistency identified by petitioner regarding "direct and natural result" versus "natural or

necessary result" was not improper under state law. Any variation in the jury instruction is insignificant for the purposes of habeas review. There is no due process violation. *See Estelle*, 502 U.S. at 71-72. Petitioner's claim presents a matter of state law not cognizable on federal habeas review. Accordingly, petitioner is not entitled to relief on this claim.

### IV. Conclusion

For these reasons, the habeas petition be **DENIED**. A Judgment and Order consistent with this Opinion will be entered.

### V. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a

threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's denial of petitioner's claims was debatable or wrong.  Therefore, the Court will deny petitioner a certificate of appealability.


Dated:     September 9, 2016               /s/ Robert J. Jonker
                                                                            ROBERT J. JONKER
                                                                            CHIEF UNITED STATES DISTRICT JUDGE